BISIGHT CO. et al. v. ONEPIECE BIFOCAL LENS CO.

(Circuit Court of Appeals, Fourth Circuit. January 20, 1919.)

No. 1627.

1. PATENTS ⬿167(1)—VALIDITY OF CLAIM—LIMITATION.
   A patent claim may be limited by reference to the specifications.

2. PATENTS ⬿328—VALIDITY—BIFOCAL LENS.
   The Connor machine patent, No. 836,486, claim 1, for making bifocal lenses, as limited by its reference to the specifications, is not invalid because too broad.

3. PATENTS ⬿328—INFRINGEMENT—MAKING BIFOCAL LENS.
   The Connor machine patent, No. 836,486, claim 1, for making bifocal lenses, *held* infringed.

4. PATENTS ⬿328—VALIDITY—ANTICIPATION.
   The Connor machine patent, No. 836,486, claim 1, for producing bifocal lenses, is not anticipated by grinding machines in remote arts, such as grinding buttons, since more than mechanical skill was required to apply the grinding process to lenses.

Cross-Appeals from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit by the Onepiece Bifocal Lens Company against the Bisight Company and Benjamin Mayer. Decree for complainant (246 Fed. 450), and defendants appeal, with cross-appeal by complainant. Decree modified.

Victor D. Borst, of New York City (William M. Stockbridge, of New York City, and Cyrus N. Anderson, of Philadelphia, Pa., on the brief), for appellants and cross-appellees.

V. H. Lockwood, of Indianapolis, Ind., and Edward Rector, of Chicago, Ill., for appellee and cross-appellant.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. Consideration of the claims, infringements, and defenses set up in these appeals involve very fine distinctions of the application of the patent law to bifocal lenses. Study of the record and arguments satisfies us that the District Judge reached just conclusions as to most of the matters in controversy, and no good end would be attained by a statement of our reasons for approving his conclusions. 246 Fed. 450.

---

[1, 2] We think, however, that the District Court was in error in holding invalid claim 1 of the Connor machine patent, No. 836,486. That claim reads as follows:

"Apparatus for producing bifocal lenses including a rotary holder for the lens crystal, and means for grinding two bifocal surfaces of different dioptrics simultaneously on one face thereof, substantially as set forth."

The District Court held this claim invalid, because the rotary lens holder is old in the art and the claim was too broad, in that it covered all apparatus which will make the product described, provided only that a rotary lens holder forms a part of them. A claim may be limited by reference to the specifications in the application. Seymour v. Osborne, 11 Wall. 516–547, 20 L. Ed. 33; The Corn-Planter Patent, 23 Wall. 181–218, 23 L. Ed. 161. We think the broad claim is so limited in this instance by the words "substantially as set forth," referring to the specifications in the application which it is conceded describe the apparatus, and that the claim is therefore valid.

[3] We are of opinion, also, that the defendant has infringed. It is true that in Connor's specifications he describes "a crystal holder member, and rotary grinding member co-operating therewith and having a spherically disposed grinding surface and an adjacent nonspherically disposed grinding surface," and that Mayer's machine, which the defendants operate, has both surfaces spherical. Connor's apparatus being the first to accomplish the desired end, or at least an important generic invention, should not be so narrowly construed as to permit real infringement by a variation which, if substantial, is merely an inferior application of Connor's invention. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122; King Ax Co. et al. v. Hubbard, 97 Fed. 795, 38 C. C. A. 423.

[4] Connor's invention cannot be regarded anticipated by grinding machines in a remote art, such as the grinding of buttons. Evidently something more than mechanical skill was required to apply the grinding process to lenses, even if it had been suggested by the apparatus for grinding buttons. Hobbs v. Beach, 180 U. S. 383–392, 21 Sup. Ct. 409, 45 L. Ed. 586. The decree of the District Court, with this modification, protects the plaintiff in the exclusive use of all inventions covered by its patents, and meets fully the justice of the case. The decree of the District Court is modified accordingly.

Modified.